

1

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,   )
                              )    Case No. 03-80028
        Plaintiff,    )
                              )
        vs.              )
                              )     **TRANSCRIPT OF**
DORIAN SYKES,            )       **PROCEEDINGS**
                              )    Detroit, Michigan
        Defendant.    )  Tuesday, February 3, 2004
                              )       3:07 p.m.

**PLEA PROCEEDING
FEBRUARY 3, 2004
BEFORE THE HON. JOHN CORBETT O'MEARA,
UNITED STATES DISTRICT JUDGE**

A P P E A R A N C E S

For the Plaintiff:             For the Defendant:

**MS. FRANCES CARLSON**       **MR. SCOTT A. KEILLOR**
Asst. United States Attys.    Attorney at Law
211 West Fort Street         2160 Washtenaw Road
Suite 2001                 Ypsilanti, MI 48197
Detroit, MI 48226

Linda M. Dona, CSR, CRR, FCRR, RMR, CMRS
Official Court Reporter
6601 Creekside Drive NE, No. 10
Cedar Rapids, IA 52402
(319) 360-1042

*Proceedings recorded by mechanical stenography.
Transcript produced by computer-aided transcription.*

USA V. DORIAN SYKES, 03-80228
Linda M. Dona, CSR, CRR, RMR CMRS (319) 360-1042



# I N D E X

Defense Witness:                                                    Page


**DORIAN SYKES**
     Examination by The Court                              4

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1                              Detroit, Michigan.

2                              Tuesday, February 3, 2004

3                              At 3:07 p.m.

4              ----------------------

5          THE CLERK:  United States of America v. Dorian Sykes,

6    03-80028.

7          THE COURT:  Counsel, please identify themselves and

8    their representations.

9          Ms. Carlson.

10         MS. CARLSON:  Good afternoon, Your Honor.

11         Frances Carlson, on behalf of the Government.

12         MR. KEILLOR:  Scott Keillor, on behalf of Dorian

13   Sykes.  He is presently in the courtroom, standing to my left,

14   your right.

15         THE COURT:  Mr. Keillor and Ms. Carlson.

16         It's my understanding that we're here this afternoon

17   anticipating a guilty plea from Mr. Sykes to Counts One and Two

18   of the Indictment; is that correct?

19         MS. CARLSON:  Actually, it will be --

20         MR. KEILLOR:  -- Counts One, Two, and Four.

21         MS. CARLSON:  There's no Rule 11 in this case.

22         MR. KEILLOR:  There's no Rule 11.

23         We have discussed a proposed Rule 11, and he has

24   decided to plead to the allegations as charged, and, um, he's

25   ready to go forward.

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1          THE COURT:  All right.

2          Um, and I make the Indictment part of the record in

3    this case.

4          Are there any other documents which should be made

5    part of the record, Ms. Carlson?

6          MS. CARLSON:  No, Your Honor.

7          THE COURT:  And, Mr. Keillor?

8          MR. KEILLOR:  No, Your Honor.

9          My understanding is that would be the Superseding

10   Indictment, I assume dated February 11, 2003?

11         THE COURT:  Well, I've got one that doesn't say

12   superseding that's dated January 9, 2003.

13         Is there a later one?

14         MS. CARLSON:  The one that Mr. Keillor referred to is

15   the latest Indictment.

16         THE COURT:  Is what?

17         MS. CARLSON:  Is the latest one, that he's pleading

18   guilty to.

19         THE COURT:  Superseding Indictment, um, dated in

20   February of 2003; is that right?

21         MR. KEILLOR:  That is correct.

22         THE COURT:  All right.

23         Um, would you please inform the defendant,

24   Ms. Carlson, of the charges against him in those three counts

25   and do it in a way that if he chooses to plead guilty, he'll

1    have a full understanding of what he's doing.

2          MS. CARLSON:  Yes, Your Honor.

3          The defendant --  In the Superseding Indictment, the

4    defendant is charged with Count One, which is Bank Robbery, and

5    aiding and abetting the Bank Robbery, in violation of 18 U.S.C.

6    Section 2113(a), and he's charged with robbing Fifth Third Bank

7    on December 10, 2002, with Brian Gibson and Jarrod Johnson.

8          In Count Two, the defendant is charged with Using,

9    Carrying, and Brandishing a Firearm During and in Relation to a

10   Crime of Violence and aiding and abetting in that crime, and,

11   again, he's charged with Using, Carrying, Brandishing a firearm

12   During and in Relation to a Crime of Violence, which is the

13   Bank Robbery charged in Count One of the Indictment.

14          Finally, in Count Four, the defendant is charged with

15   being a Felon in Possession of a Firearm, um, and that was on

16   December 13, 2002.  The defendant, having previously been

17   convicted of a felony offense, possessed a High Point

18   semiautomatic pistol in his house.

19          THE COURT:  Is that accurate and adequate to inform

20   your client of the charges against him, Mr. Keillor?

21          MR. KEILLOR:  Yes, Your Honor.

22          THE COURT:  Ms. Goodine, please swear the defendant.

23                      **DORIAN SYKES**,

24       called as a witness on his own behalf, being first duly

25   sworn, was examined and testified as follows:

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1      THE WITNESS:  Yes.

2      THE COURT:  And, Mr. Sykes, would you please state

3  your full name?

4      THE DEFENDANT:  Dorian Trevor Sykes.

5      THE COURT:  Ever used any other names?

6      THE DEFENDANT:  Yes.

7      THE COURT:  Which?

8      THE DEFENDANT:  Juan Johnson and Anthony Freedman.

9      THE COURT:  Any others?

10      THE DEFENDANT:  No.

11      THE COURT:  Um, I'm going to ask you questions

12  concerning the facts of the crimes alleged in Counts One, Two,

13  and Four of the Superseding Indictment.

14      You understand you have a constitutional right to

15  remain silent and not incriminate yourself?

16      THE DEFENDANT:  Yes.

17      THE COURT:  Do you wish to waive or give up that

18  right for the purpose of pleading guilty to the charges in

19  Counts One, Two, and Four of the Indictment -- of the

20  Superseding Indictment?

21      THE DEFENDANT:  Yes.

22      THE COURT:  And you understand you're now under oath,

23  and if you answer any questions falsely, these answers may

24  later be used against you in another proceeding for -- another

25  prosecution for perjury or making a false statement?

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1      THE DEFENDANT:  Yes.

2      THE COURT:  How old are you?

3      THE DEFENDANT:  Twenty.

4      THE COURT:  And how far did you go in school?

5      THE DEFENDANT:  Graduated from high school.

6      THE COURT:  Do you read, write, and understand

7  English all right?

8      THE DEFENDANT:  Yes.

9      THE COURT:  Can you understand me okay?

10      THE DEFENDANT:  Yes.

11      THE COURT:  Have you ever been treated for any kind

12  of mental illness or addiction to drugs?

13      THE DEFENDANT:  No.

14      THE COURT:  Are you presently under the influence of

15  any medication, drugs, or alcoholic beverage?

16      THE DEFENDANT:  No.

17      THE COURT:  I'd like to ask counsel, starting with

18  Mr. Keillor, for their opinion based upon their association

19  with Mr. Sykes, whether or not he is competent.

20      MR. KEILLOR:  Yes.  I believe he is competent.

21      I've had several conversations with him in my

22  representation, and I find him to be competent.

23      THE COURT:  And, Ms. Carlson, based upon whatever

24  association you've had, do you believe him to be competent?

25      MS. CARLSON:  Yes, Your Honor.

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1       THE COURT:  Mr. Sykes, what we're talking about is

2   whether you understand what's going on, and if you choose to

3   plead guilty, you'll know exactly what you're doing.

4       Do you think you do understand that?

5       THE DEFENDANT:  Yes.

6       THE COURT:  I'll make a tentative finding of

7   competence, and we will continue.

8       You have the right to have an attorney during all

9   stages of the proceedings here, and I'll appoint one for you if

10  you can't afford one.

11      Do you understand that?

12      THE DEFENDANT:  Yes.

13      THE COURT:  And you have Mr. Keillor here with you in

14  Court today, and have you discussed this matter with him?

15      THE DEFENDANT:  Excuse me?

16      THE COURT:  Have you discussed this matter with your

17  lawyer?

18      THE DEFENDANT:  Yes.

19      THE COURT:  Are you satisfied with his legal advice

20  and the services he's rendered so far?

21      THE DEFENDANT:  Yes.

22      THE COURT:  Again, let me ask, do you understand you

23  have the right to plead not guilty to every charge against you?

24      THE DEFENDANT:  Yes.

25      THE COURT:  And do you understand if you were to

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1    plead not guilty, you would have the protection of a number of

2    constitutional rights?

3              THE DEFENDANT:  Yes.

4              THE COURT:  I'm going to go over some of those rights

5    with you.  Um, this is a little repetitive, especially at the

6    beginning, but it's repetitive because these rights are so

7    important, and it's important that if you waive them you

8    understand what you're waiving, and it's important that I

9    believe you know what you're waiving.

10             So let me ask, again, do you understand you have the

11   right to plead not guilty?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Do you understand you have the right to a

14   speedy and public trial by jury?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Do you understand you have the right to

17   be presumed innocent, unless the Government proves you guilty

18   beyond a reasonable doubt by the unanimous agreement of all

19   twelve members of a jury?

20             THE DEFENDANT:  Yes.

21             THE COURT:  And do you understand you have the right

22   to see and hear all witnesses called to testify against you,

23   and the right to cross-examine them?

24             THE DEFENDANT:  Yes.

25             THE COURT:  And do you understand you have the right

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1 to have the Court order any witnesses you may want for your

2 defense to appear at trial at Government expense?

3     THE DEFENDANT:  Yes.

4     THE COURT:  Do you further understand that you have

5 the right to take the witness stand or not as you choose, and

6 you can't be required to take the witness stand?

7     THE DEFENDANT:  Yes.

8     THE COURT:  And do you know and understand that if

9 you don't take the witness stand, your silence can't be used

10 against you any way?

11     THE DEFENDANT:  Yes.

12     THE COURT:  Again, let me ask, is it your desire to

13 waive or give up those rights?

14     THE DEFENDANT:  Yes.

15     THE COURT:  Do you further understand if you plead

16 guilty and your plea is accepted by the Court, you'll be found

17 guilty; that is, you'll be convicted without a trial, and you

18 will have given up all of those rights?

19     THE DEFENDANT:  Yes.

20     THE COURT:  And do you understand that the offenses

21 to which you're apparently willing to plead guilty are felony

22 offenses, and if your plea is accepted, you'll be adjudged

23 guilty of those offenses, and such adjudication may deprive you

24 of valuable civil rights, such the right to vote, the right to

25 hold public office, the right to serve on a jury, and the right

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1    to possess firearms?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Would you please, Ms. Carlson, state the

4    maximum and minimum penalties for each of the offenses to which

5    the defendant is apparently willing to plead guilty, including

6    any provisions for supervised release?

7            MS. CARLSON:  Um, in Count One, for the Bank Robbery,

8    the defendant faces a maximum penalty of twenty years, a

9    $250,000 fine, or both of those, um  -- both of twenty years

10   and $250,000.

11           In Count Two, um, which is the 924(c), the defendant

12   faces, um, a consecutive sentence of seven years.

13           Um, in Count Four, the Felon in Possession, the

14   defendant faces a maximum penalty of twenty years and a

15   $250,000 fine.

16           And I believe the supervised release for each of

17   those counts is, um, from two to three years I believe.

18           THE COURT:  Thank you.

19           Do you agree this is an accurate recitation of the

20   penalties implicated by guilty pleas here, Mr. Keillor?

21           MR. KEILLOR:  Yes, I do, Your Honor.

22           THE COURT:  And, Mr. Sykes, do you understand that

23   if, um, supervised release becomes part of any sentence you

24   would receive, as it almost certainly would, that there will be

25   conditions attached to supervised release, and if you violated

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1    those conditions you could be given additional prison time?

2              THE DEFENDANT:  Excuse me.

3              I have a question.  Um --

4              THE COURT:  Mr. Keillor?

5              (A discussion was held off of the record between Mr.

6    Keillor and the defendant.)

7              MR. KEILLOR:  He thought that Count Four was a

8    five-year maximum, Your Honor.

9              THE DEFENDANT:  Felon in Possession.

10             THE COURT:  I think it's a five-year minimum; isn't

11   it?

12             MS. CARLSON:  No.

13             There's no five-year minimum.  I don't have my Code

14   book with me, Your Honor.

15             I believe it's a twenty-year maximum.

16             MR. KEILLOR:  That's his question, Your Honor.

17             THE COURT:  Well, it's a lot of time, whatever it is.

18             MS. CARLSON:  May I look at your --

19             THE COURT:  Don't rely on my impressions, but I

20   believe Felon in Possession and the reason we've got all these

21   state cases over here is that we do have a five-year minimum.

22             MS. CARLSON:  I'm quite certain there isn't a

23   five-year minimum, but can I take a look at your Code book?

24             THE COURT:  Of course.

25             MS. CARLSON:  It's not up here.

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1    Actually this isn't it.  I was looking for the U. S.

2    Code.  I don't see it up there actually.

3    THE COURT:  Well, there -- the sentencing guidelines

4    and the Rules --

5    MS. CARLSON:  No.

6    It would be in the United States Code book.  Of

7    course, I didn't bring it.  Okay.

8    THE COURT:  Well, I'll tell you, if this is going to

9    change anything, we're going to go on to something else.

10    MR. KEILLOR:  He signed an acknowledgement of the

11    Indictment, and it listed Count Four as a twenty-year maximum

12    and no minimum, and a $250,000 fine.  He signed that.

13    I didn't --  I wasn't on the case at the arraignment,

14    Your Honor.  Um, and the Indictment -- that was my

15    understanding all along, and it's my belief that it would be

16    concurrent time anyway, so I did not think he would be

17    prejudiced by that.

18    THE COURT:  Well, I think my last question to

19    Mr. Sykes was, um, did he understand that if he violated the

20    conditions of supervised release, there could be additional

21    prison time.

22    And then he had a question.

23    MR. KEILLOR:  Yeah.

24    THE COURT:  And I -- I guess I'm asking you,

25    Mr. Keillor, where do we go from here?

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1          (A discussion was held off of the record between

2     Mr. Keillor and the defendant.)

3          MR. KEILLOR:  He indicates --  His question was about

4     whether or not Count Four was a five- or a twenty-year.  I've

5     explained to him it was a twenty-year.

6          He signed an acknowledgment of that at the time, and

7     it's his understanding that he understands that now.

8          THE COURT:  It's a twenty-year maximum?

9          MR. KEILLOR:  Yes.

10          And he's ready to go forward with his plea today.

11          THE COURT:  All right.

12          Did you answer my question, Mr. Sykes, on whether you

13     knew if you violated supervised release conditions you could be

14     given additional prison time?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Um, is there a restitution issue here?

17          I suppose there is.

18          MS. CARLSON:  Yes, Your Honor.

19          THE COURT:  Do you understand that part of the

20     sentence may very well and probably would be in this case be

21     restitution to the victim of whatever the victim lost?

22          THE DEFENDANT:  Yes.

23          THE COURT:  And do you understand that there's a

24     special assessment of $100 for each of the -- each of the

25     counts to which you're apparently willing to plead guilty?

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1          THE DEFENDANT:  Yes.

2          THE COURT:  Are you on probation or parole in any

3   court?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Where?

6          THE DEFENDANT:  Lenawee County, and Wayne County.

7          THE COURT:  Um, Lenawee and Wayne both?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Okay.

10          What I want to be sure of, Mr. Keillor, is that

11   whatever negative impact a guilty plea here might have has been

12   considered by you and Mr. Sykes, and he understands what it is,

13   and if he -- um, if he understands and chooses to go ahead, we

14   go ahead.

15          MR. KEILLOR:  Yes, Your Honor.

16          He understands this would be considered a violation

17   of his probation or parole in those cases.

18          And, um, given the amount of time we've gone over in

19   the sentencing guidelines, he understands that, um, for

20   practical purposes, it should not make much of a difference,

21   even though it would be a violation.

22          THE COURT:  All right.

23          You agree with that, Mr. Sykes?

24          THE DEFENDANT:  Yes.

25          THE COURT:  And do you understand all of these

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1    possible consequences of pleading guilty, Mr. Sykes?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Under the Sentencing Reform Act of 1984,

4    the U. S. Sentencing Commission has issued guidelines that this

5    Court and all federal Courts must follow in determining

6    sentences in criminal cases.

7              Have you and Mr. Keillor talked about how these

8    guidelines will affect this case?

9              THE DEFENDANT:  Yes.

10             THE COURT:  And do you understand I won't be able to

11   make a final determination as to where you fit on the guideline

12   grid until after a presentence report has been completed?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Do you also understand that parole has

15   been abolished in the federal system, and if you're sentenced

16   to prison, you won't be released on parole?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Have you received --  There is a copy of

19   the Superseding Indictment there someplace.

20             I just want to have Mr. Sykes look at that and answer

21   this question.  Have you fully discussed the charges against

22   you in that Superseding Indictment with Mr. Keillor?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Would you please, Ms. Carlson, place on

25   the record the essential elements of the offenses charged?

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1            Um, that's what the Government would have to prove as

2     to each of those counts if the matter went to trial, and I want

3     to be sure you know what the Government would have to prove and

4     also be sure that you, um, believe that they could prove each

5     of these elements and prove it beyond a reasonable doubt.

6            Ms. Carlson.

7            MS. CARLSON:  In Count One, for the Bank Robbery, the

8     Government would have to prove that the defendant took money

9     from the person or presence of another; that the taking was by

10    force of violence or intimidation; that the money belonged to

11    or was in the care, custody, or control of a bank; and that the

12    deposits of the bank were then insured by the Federal Deposit

13    Insurance Company.

14           For Count Two, which is the crime of Using, Carrying,

15    and Brandishing a Firearm, During and in Relation to a Crime of

16    Violence, the Government would have to prove that the defendant

17    committed the crime of Bank Robbery as charged in Count One of

18    the Indictment; that the defendant knowingly used, carried, or

19    brandished a firearm during and in relation to that bank

20    robbery; and also since the defendant is charged under an

21    aiding and abetting theory, that the defendant acted to assist

22    in that crime and the defendant did so with the intent to

23    assist in that crime.

24           As to the, um, Fourth Count of the Indictment, which

25    is Felon in Possession of a Firearm, the Government would have

USA V. DORIAN SYKES, 03-80228
Linda M. Dona, CSR, CRR, RMR CMRS (319) 360-1042

1   to prove that the defendant has been convicted in any court of

2   a crime punishable by imprisonment for a term exceeding one

3   year; that after this conviction, defendant knowingly possessed

4   the firearm described in the Indictment; and that such

5   possession was in or affecting interstate or foreign commerce.

6           THE COURT:  Um, do you agree with this -- this

7   description by the Government of the element of the three --

8   the offenses in the three counts, Mr. Keillor?

9           MR. KEILLOR:  Yes.

10          THE COURT:  Having heard all of this, and with regard

11  to the charges against you, Mr. Sykes, in Count One of the

12  Superseding Indictment, Bank Robbery, how do you plead, guilty

13  or not guilty?

14          THE DEFENDANT:  Guilty.

15          THE COURT:  And with regard to the charges against

16  you in Count Two, Using, Carrying, Brandishing a Firearm During

17  a Crime of Violence, Aiding and Abetting, how do you plead,

18  guilty or not guilty?

19          THE DEFENDANT:  Guilty.

20          THE COURT:  And with regard to the charges against

21  you in Count Four, Felon in Possession of a Firearm, how do you

22  plead, guilty or not guilty?

23          THE DEFENDANT:  Guilty.

24          THE COURT:  Are you now entering pleas of guilty to

25  these counts because you believe you are guilty of the alleged

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1    offenses?

2         THE DEFENDANT:  Yes.

3         THE COURT:  Has anyone made any promise or assurance

4    to you of any kind in an effort to induce you to plead guilty

5    here?

6         THE DEFENDANT:  No.

7         THE COURT:  Have you been promised by the Court or by

8    the attorney for the Government or by your attorney or anyone

9    that you'll be treated leniently or put on probation or that

10   you'll receive any other specific sentence in return for

11   pleading guilty?

12        THE DEFENDANT:  No.

13        THE COURT:  Has anyone tried to force you to plead

14   guilty by any mistreatment, pressure, or duress placed upon you

15   in any way?

16        THE DEFENDANT:  No.

17        THE COURT:  Are you, therefore, pleading guilty of

18   each of these three counts freely and voluntarily, because, in

19   fact, you are guilty of the allegations in that count, and it's

20   your choice to plead guilty?

21        THE DEFENDANT:  Yes.

22        THE COURT:  Tell us in your own words with regard to

23   Count One, Bank Robbery, what it is you did that makes you

24   believe you are guilty of that charge.

25        It would be useful, if you can do it, to start with a

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1  date and a location.

2           THE DEFENDANT:  Um, on December 10, 2002, um, Eastern

3  District of Michigan, I robbed a bank located on Van Dyke in

4  Warren, Michigan.  On days prior, I conspired with my two

5  codefendants.  Um, we planned the robbery.

6           THE COURT:  Where was this bank located?  In Warren?

7           THE DEFENDANT:  Yes.  Warren, Michigan.

8           THE COURT:  Fifth Third Bank, is that what you said?

9

10          THE DEFENDANT:  Yes.

11          THE COURT:  Um, and did you rob this bank by -- by

12  force or intimidation?

13          THE DEFENDANT:  Yes.

14          THE COURT:  And I take it we can stipulate to the

15  FDIC?

16          MR. KEILLOR:  Yes.

17          THE COURT:  Anything further you'd like for a factual

18  basis in Count One, Ms. Carlson?

19          MS. CARLSON:  Um, just when you say that you robbed

20  the bank with force, and, um, by force and violence or

21  intimidation, is that because your codefendant, Jarrod Johnson,

22  was carrying a firearm during the robbery?

23          THE DEFENDANT:  That's because I had a mask on and I

24  walked to the counter, and I forced the teller to take me to

25  the vault.

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1      MS. CARLSON:  But your codefendant, Jarrod Johnson,

2   went into the bank with you?

3      THE DEFENDANT:  Yes.

4      MS. CARLSON:  And he used a firearm to intimidate the

5   bank employees as well?

6      THE DEFENDANT:  Yes.

7      MS. CARLSON:  And during the robbery, you took a sum

8   of money, approximately -- almost $200,000 from the bank?

9      THE DEFENDANT:  Yes.

10      MS. CARLSON:  Nothing further, Your Honor.

11      THE COURT:  Are you satisfied that an adequate

12   factual basis for the allegations in Count One is on the

13   record?

14      MS. CARLSON:  Yes, Your Honor.

15      THE COURT:  Are you, Mr. Keillor?

16      MR. KEILLOR:  Yes.

17      THE COURT:  All right.

18      With regard to Count Two of the Brandishing or Use of

19   a Firearm in Connection with a Violent Felony, would you tell

20   us what you did that makes you believe you're guilty of this,

21   Mr. Sykes?

22      THE DEFENDANT:  Um, I aided and abetted, knowing that

23   a firearm was going to be used in the robbery.

24      I didn't have a firearm, but my codefendant had a

25   firearm.

USA V. DORIAN SYKES, 03-80228
Linda M. Dona, CSR, CRR, RMR CMRS (319) 360-1042

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1    THE COURT:  I understand.

2    Um, you knew that it was going to be used in the

3    robbery going in?

4    THE DEFENDANT:  Yes.

5    THE COURT:  And was it your intent that your -- the

6    person who had the gun would use the gun to aid and carry out

7    the robbery?

8    THE DEFENDANT:  Yes.

9    THE COURT:  Any further questions you would like

10   asked, Ms. Carlson?

11   MS. CARLSON:  No, Your Honor.

12   THE COURT:  Are you satisfied that an adequate

13   factual basis has been made for Count Two?

14   MS. CARLSON:  Yes.

15   THE COURT:  Are you, Mr. Keillor?

16   MR. KEILLOR:  Yes.

17   THE COURT:  And with regard to Count Four, Felon in

18   Possession, um, I assume we're stipulating to the preexisting

19   felony?

20   MR. KEILLOR:  Yes, Your Honor.

21   That's what he's on probation for at the present

22   time.  Um --

23   THE COURT:  Tell us, Mr. Sykes, in your own words,

24   what is it that you did that makes you believe you are guilty

25   of the charge there, Felon in Possession of a Firearm?

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1   THE DEFENDANT:  After I was convicted, I plead guilty

2   to less than 25 grams of cocaine charge.  I was advised not to

3   carry a firearm, that I would be a felon in possession.

4   THE COURT:  And --

5   MR. KEILLOR:  On December 13, 2002, were you in

6   possession of a firearm?

7   THE DEFENDANT:  Yes.

8   MR. KEILLOR:  Where was that located?

9   THE DEFENDANT:  20212 Fairport, Detroit, Michigan,

10  area (sic) code 48205.

11  THE COURT:  And that firearm was, um, a High Point,

12  is a .9 millimeter semiautomatic pistol?

13  THE DEFENDANT:  Yes.

14  THE COURT:  Where was this, that you had it?

15  THE DEFENDANT:  My room, my dwelling.

16  THE COURT:  Where is your room?

17  THE DEFENDANT:  20212 Fairport, Detroit, Michigan.

18  THE COURT:  Thank you.

19  Ms. Carlson, further questions?

20  MS. CARLSON:  I would ask if the defendant stipulates

21  that that firearm, um, travelled across state lines and thus

22  affected interstate or foreign commerce.

23  MR. KEILLOR:  We stipulate, Your Honor.

24  THE COURT:  Are you satisfied that an adequate

25  factual basis has been set forth?

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1        MS. CARLSON:  Yes.

2        MR. KEILLOR:  Yes.

3        THE COURT:  Having heard a recitation of your rights,

4   Mr. Sykes, and being advised about the penalty or penalties

5   that can be imposed, do you still wish to plead guilty?

6        THE DEFENDANT:  Yes.

7        THE COURT:  Do you still want me to accept your plea?

8        THE DEFENDANT:  Yes.

9        THE COURT:  Are counsel both satisfied the Court has

10  complied with all of the provisions of Rule 11 of the Federal

11  Rules of Criminal Procedure, without having a Rule 11 plea

12  agreement?

13        MS. CARLSON:  Yes, Your Honor.

14        MR. KEILLOR:  Yes, Your Honor.

15        THE COURT:  Very well, then.

16        It is the finding of the Court in the case of the

17  United States of America v. Dorian Sykes that the defendant is

18  fully competent and capable of entering an informed plea of

19  guilty; that the defendant's plea of guilty is a knowing and

20  voluntary plea; and that the defendant's plea is supported by

21  the defendant's own statement of facts in each case for each of

22  the three counts to which he is pleading guilty; and those

23  statements contain all of the essential elements of the

24  offenses charged.

25        The defendant's pleas are, therefore, accepted, and

USA V. DORIAN SYKES, 03-80228
Linda M. Dona, CSR, CRR, RMR CMRS (319) 360-1042

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1   the defendant is now adjudged guilty of the offenses charged in

2   Counts One, Two, and Four of the Superseding Indictment.

3           This matter will go to -- to the probation department

4   for the preparation of a presentence report.  I don't know if

5   you'll go there this afternoon, but you'll go there soon.  And

6   they are going to ask you a lot of questions to produce the

7   presentence investigation report.

8           You're entitled to have Mr. Keillor with you, and I

9   think you should have him there.

10          MR. KEILLOR:  It's my intention to be there, Your

11  Honor.

12          THE COURT:  Um, when they are done, you'll get

13  through Mr. Keillor a copy of the presentence report, and

14  Ms. Carlson will get you one from the Government.

15          You should go over it carefully.  If there's anything

16  in it that's important or material and incorrect, it's wrong,

17  or anything important or material which is missing, you should

18  call that to the attention of the probation department through

19  Mr. Keillor, and to the Government, and if you all agree

20  something should be changed, almost certainly it will.

21          If you can't agree and we have a dispute about what's

22  in it, it will have to come to me for resolution.

23          At the time of sentencing, both you and Mr. Keillor,

24  each of you, will have an opportunity to address the Court

25  prior to imposition of sentence.

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1      Do you understand that?

2      THE DEFENDANT:  Yes.

3      THE COURT:  And do you understand that sentencing is

4  scheduled to occur in this courtroom on Tuesday, May 4, 2004,

5  at 2:00 p.m.  That's 2:00 p.m., Tuesday, May 4, 2004.

6      And, Ms. Carlson, anything you'd like the record to

7  reflect for the Government?

8      MS. CARLSON:  No, Your Honor.

9      THE COURT:  Mr. Keillor?

10     MR. KEILLOR:  There's a couple of other things.

11  These are a couple of requests Mr. Sykes has.

12     One of them is that, um, he has -- he is in, um, a

13  part of the Wayne County Jail in a high, um -- I don't know

14  what you call -- maximum security, and he says they will not

15  allow him to call me.  And he says if you write them a letter,

16  they will allow him to make collect calls to me.

17     So I'm asking the Court to -- if the Court could send

18  such a letter over to the Wayne County Jail.

19     THE COURT:  If you draft one for me and give it to

20  Ms. Goodine --

21     THE CLERK:  Prepare an order.

22     MR. KEILLOR:  Prepare an order?

23     THE CLERK:  Um-hum.

24     MR. KEILLOR:  Part of the other thing is I would

25  appreciate it if the marshals or they could be encouraged to

USA V. DORIAN SYKES, 03-80228
Linda M. Dona, CSR, CRR, RMR CMRS (319) 360-1042

USA V. DORIAN SYKES, 03-80028
PLEA PROCEEDING, 2/3/04

1   move him out to Milan pretty quick, because my office is in

2   Ypsilanti.  I could have quicker and easier access to him out

3   there.

4            THE COURT:  Well, the Court has certainly no

5   objection in getting Mr. Sykes out of the Wayne County Jail and

6   sending him to Milan, and I so recommend, although that's

7   something that --  That's all I can do.

8            I would be pleased and recommend that he go to Milan.

9   If that helps any, good.

10           MR. KEILLOR:  All right.

11           THE COURT:  Um, the defendant has been in custody.

12   Is he, um -- and that arrangement is to continue.

13           I remand him to the custody of the marshals for

14   further disposition.

15           Mr. Sykes, take care of yourself.  Stay healthy.  Get

16   in here on the sentencing date.

17           Um, I -- I hope you stay in -- in good health,

18   mentally and physically, and good luck to you.

19           We'll see you then.

20           (Hearing concluded at 3:36 p.m.)

21

22

23

24

25

C E R T I F I C A T E

I, Linda M. Dona, official court reporter for the United States District Court, Eastern District of Michigan, Southern Division, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a correct transcript of the proceedings in the above-entitled cause on the date hereinbefore set forth.

I do further certify that the foregoing transcript has been prepared by me or under my direction.

Dated at Cedar Rapids, Iowa, on this 15th day of April, 2004.

_Linda M Dona_

LINDA M. DONA, CSR, CRR, FCRR, RMR, CMRS

Official Court Reporter

6601 Creekside Drive NE, No. 10

Cedar Rapids, IA 52402

(319) 360-1042