UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DORIAN SYKES,

      Defendant.
_____/

Case No. 03-cr-80028

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DISMISSING DEFENDANT'S MOTIONS TO CORRECT SENTENCE (Dkts. 243, 246)
AND DENYING AS MOOT DEFENDANT'S MOTION TO EXPEDITE (Dkt. 248)**

This matter is before the Court on Defendant Dorian Sykes's motions to correct his sentence (Dkts. 243, 246), as well as on Sykes's motion to expedite the Court's ruling (Dkt. 248). Following Sykes's arrest for supervised release violations, he was ordered detained on August 15, 2019. See Order Scheduling Detention Hr'g (Dkt. 186). Sykes admitted to two violations of the conditions of his supervised release, and the Court sentenced him on November 16, 2020, to 60 months' imprisonment, to run concurrently to sentences imposed for supervised release violations in two other cases. Judgment on Violation (Dkt. 240). In his motions to correct his sentence, Sykes seeks modification of his sentence to reflect credit for the 15 months he was detained before being sentenced.

For the reasons that follow, the Court denies Sykes's motions to correct his sentence. Additionally, the Court denies Sykes's motion to expedite, as the present ruling renders that motion moot.

## I. ANALYSIS

It is well established that the authority to award credit for time served in custody lies exclusively with the Attorney General and the Bureau of Prisons under 18 U.S.C. § 3585(b). United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001) (citing United States v. Wilson, 503 U.S. 329, 333 (1992)). District courts, therefore, lack jurisdiction to make an initial determination regarding the credit to be applied against a sentence under § 3585(b). United States v. Westmoreland, 974 F.2d 736, 737 (6th Cir. 1992). Rather, the BOP must make that determination. Id. Review of the BOP's computation of credit is available through the administrative process set forth under 28 C.F.R. §§ 542.10-542.16. Wilson, 503 U.S. at 335. Ultimately, after exhausting those administrative remedies, prisoners may seek judicial review of the BOP's final determination pursuant to 28 U.S.C. § 2241. Id.; see also Settle v. Bureau of Prisons, No. 16–5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (holding that before filing a § 2241 motion for credit toward his sentence, a prisoner was required to exhaust his administrative remedies); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993) (noting that a district court may grant relief from an improper computation of credit toward a sentence under § 2241).

Here, Sykes is awaiting his BOP institution designation. See 2/10/21 Order, United States v. Sykes, No. 19-20550 (Dkt. 169) (E.D. Mich.). Because the BOP has yet to designate Sykes to a federal institution to serve his sentence, the BOP has not made an initial determination regarding Sykes's entitlement to credit toward his sentence. Resp. at 2-3 (Dkt. 251). Once that is made and exhaustion of administrative remedies is completed, judicial involvement would be appropriate. At this time, however, the Court must dismiss the motion for lack of jurisdiction because the matter is not ripe for adjudication. See Westmoreland, 974 F.2d at 737-738.

In his reply, Sykes insists that the Court has the authority to award credit toward his sentence, as district courts frequently impose sentences of time served. Reply at 1 (Dkt. 253). But Sykes cites no authority in support of this argument. Nor does he explain the relevance of a court's authority to impose a sentence of time served to its lack of authority to award credit toward a sentence. A sentence of time served is just that—the court sentences the defendant to a term of imprisonment equivalent to the duration the defendant has already been in custody. It does not involve the computation or application of credit toward the sentence.

Finally, Sykes contends that his counsel was ineffective, as he purportedly advised Sykes that the Court would credit the duration of pre-sentencing detention toward Sykes's sentence. Mot. at 2 (Dkt. 243). A claim of ineffective assistance requires a defendant to establish two factors: (i) that counsel's representation fell below an objective standard of reasonableness and (ii) that the deficient performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the second factor, a defendant challenging counsel's performance in connection with sentencing must show a reasonable probability that but for counsel's errors, he would have received a different sentence. United States v. Jones, 308 F. App'x 930, 932 (6th Cir. 2009). Sykes is unable to establish this second factor. He contends that had he been advised that credit for his pre-sentencing detention would be computed by the BOP as opposed to the Court, he would have pleaded to the supervised release violations earlier. Mot. at 3. Yet this argument does not establish that he would have received a lower sentence for these violations. Accordingly, the Court rejects this claim.

### III. CONCLUSION

For the reasons discussed above, the Court dismisses Sykes's motions to correct his sentence (Dkts. 243, 246) and denies as moot his motion to expedite (Dkt. 248).

SO ORDERED.

Dated: March 31, 2021  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2021.

s/Erica Karhoff on behalf of Karri Sandusky  
Case Manager