UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 03-cr-80028

vs.                                      HON. MARK A. GOLDSMITH

D-2 DORIAN SYKES,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS (1) TO DISMISS RESTITUTION (Dkt. 258), (2) TO WAIVE RESTITUTION (Dkt. 261), AND (3) TO WAIVE FINANCIAL RESPONSIBILITY PROGRAM PAYMENTS (Dkt. 298)**

Before the Court are three motions filed by Defendant Dorian Trevor Sykes that seek similar relief: (i) a motion for the Court to "dismiss" restitution (Dkt. 258), (ii) a motion for the Court to "waive" restitution (Dkt. 261), and (iii) a motion for the Court to "waive FRP [Financial Responsibility Program] payments" (Dkt. 298). For the reasons that follow, the Court denies Sykes's motions.[1]

## I. BACKGROUND

Following his involvement in an armed robbery of Fifth Third Bank in December 2002, Sykes was charged with (i) one count of bank robbery and aiding and abetting the same; (ii) one count of using, carrying, and brandishing a firearm during and in relation a crime of violence and aiding and abetting the same; and (iii) two counts of felon-in-possession. See Superseding

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). In addition to Sykes's motions, the briefing includes the Government's response to Sykes's motion to dismiss (Dkt. 260), and the Government's response to Sykes's motion to waive FRP payments (Dkt. 307).

1

Indictment (Dkt. 19). Sykes pleaded guilty to all counts except for one of the felon-in-possession charges. See Resp. to Mot. to Dismiss at 1–2 (citing 2/15/15 Judgment (Dkt. 110)). Though initially released on supervised release, Sykes was returned to custody following his violation of supervised release conditions. See 11/16/20 Judgment (Dkt. 240).

Sykes was ordered to pay $166,230 in restitution. 2/15/15 Judgment at 6. Sykes and his fellow Defendants—Jarrod Johnson and Brian Gibson, who also participated in the bank robbery—were found jointly and severally liable for this restitution. See id. at 8. The Government submits that Sykes has made some payments toward his restitution obligation through the Inmate Financial Responsibility Program (IFRP) with the Federal Bureau of Prisons (BOP). See Resp. to Mot. to Waive FRP Payments at 2. However, the balance of that liability remains unpaid. See id.; Resp. to Mot. to Dismiss at 2.

## II. ANALYSIS

Sykes's motions challenge both (i) his continued obligation to pay restitution and (ii) his requirement to make FRP payments through the IFRP. The Court addresses each ground in turn.

### A. Motions to Dismiss and Waive Restitution Obligations

Sykes argues that his obligation to pay restitution should be dismissed or waived because, in his view, the burden of paying restitution should fall on his codefendants, not him. He submits that both of his codefendants "are in the community, and have the means to re-pay the joint restitution," while Sykes has a lesser ability to make payments now that he "has been returned back to the custody of the [BOP]." Mot. to Dismiss at 2; see also Mot. to Waive Rest. at 2 (arguing that Sykes's codefendants "are employed and back in the community"). Sykes submits that "neither of his co-defendants have made payments toward" restitution. Mot. to Dismiss at 2. He concludes that "the restitution is clearly not being applied to all [] responsible." Id.

2

This challenge fails for multiple reasons. For one thing, Sykes misrepresents the factual basis for his request. Though Sykes considers it unfair that he alone is required to make restitution payments, the Government submits that Sykes's codefendants have made a greater contribution to the restitution owed than Sykes has. At the time of the Government's filing of its response to the motion to dismiss, Sykes had paid $670.29 towards his financial obligations, while his codefendants had paid over $10,000 in restitution. Resp. to Mot. to Dismiss at 2. Sykes acknowledges that his codefendants have made these payments. Mot. to Waive Rest. at 2. Thus, there is no merit to Sykes's argument that he is unfairly carrying the burden of his codefendants' restitution obligations.

Additionally, Sykes has no legal ground for insisting that the Court suspend the restitution obligation established in the judgment entered against him. As the Government correctly notes, "[a] district court's power to revisit a sentence once imposed is extremely limited." United States v. May, 500 F. App'x 458, 460 (6th Cir. 2012) (affirming denial of defendant's motion to deem restitution satisfied). Under the Mandatory Victims Restitution Act, there are four "circumstances under which the district court can revisit an order of restitution." Id. (citing 18 U.S.C. § 3664(o)(1)(A)–(D)). The Government is correct that none of these circumstances applies. See Resp. to Mot. to Dismiss at 2–4.[2] Sykes does not assert in his motion that any of these

---

[2] The four circumstances under which a district court may revisit an order of restitution under § 3664(o) are:

- The need for corrections for "arithmetical, technical, or other clear error," or for a reduction in a sentence for a defendant's substantial assistance in an investigation or prosecution under Federal Rule of Criminal Procedure 35(a);

- A circumstance where the sentence (i) was imposed in violation of law, (ii) was incorrect under the sentencing guidelines, (iii) was greater than the guideline range, or (iv) was imposed for an offense for which there was no guideline and is plainly unreasonable under 18 U.S.C. § 3742(a)(1)–(4);

3

circumstances apply, nor did he file a reply to address the Government's argument that these circumstances are inapplicable.[3]

Sykes has presented no legal authority for his proposition that a defendant who is jointly and severally liable with his codefendants for restitution payments can petition a court to "dismiss" or "waive" his restitution obligations because he thinks his codefendants should carry a larger share of the burden. This scenario does not fit any of the "extremely limited" circumstances in which a district court can modify a sentence. May, 500 F. App'x at 460. The Court denies Sykes's motions to dismiss and to waive his restitution obligations.[4]

---

- A need to amend the restitution order because the victim subsequently discovers further losses under 18 U.S.C. § 3664(d)(5); and

- Scenarios where there are material changes in economic circumstances under 18 U.S.C. § 3664(k), the district court orders additional fines under U.S.C. § 3572, or the Government sues to enforce a judgment imposing a fine under 18 U.S.C. § 3613(a).

See May, 500 F. App'x at 461 n.4 (citing 18 U.S.C. § 3664(o)(1)(A)–(D)).

[3] The most liberal reading of Sykes's motions may allow for the inference that Sykes argues that his economic circumstances have materially changed under 18 U.S.C. § 3664(k). However, Sykes's argument would also fail on this ground, given that Sykes has not presented any evidence regarding his economic circumstances to meet the applicable preponderance-of-the-evidence standard, nor asserted that he has "notified the Attorney General of [his] inability to make the restitution payments set forth by the IFRP, as required under 18 U.S.C. § 3664(k)." Wisdom v. United States, No. 14-20359, 2017 WL 3334036, at *4 (E.D. Mich. Aug. 3, 2017) (denying request for relief under § 3664(k) based on alleged deterioration of economic condition) (citing United States v. Hill, No. 98-3709, 1999 WL 801543, at *1 (6th Cir. Sept. 28, 1999) (affirming denial of motion to defer restitution where movant "did not attach any proof regarding his financial status or current income" and where "there [was] no indication that [movant] formally notified the Attorney General that his financial circumstances had changed")).

[4] Sykes also argues that the unfairness of his restitution obligations violates the Equal Protection Clause, again emphasizing that "his two codefendant's [sic] are in the community, and have been also [sic] ordered to jointly repay the restitution." Mot. to Waive Rest. at 1. This argument has no merit. As explained, Sykes does not pay and has not paid more than his codefendants. The issue presented by Sykes does not merit relief under the Equal Protection Clause. See, e.g., United States v. Anglian, 784 F.2d 765, 768 (6th Cir. 1986) (rejecting defendant's argument that "restitution order violate[d] his constitutional right to equal protection because he [was] forced to pay more than most of his co-defendants" and finding that court's "consideration of relative

### B. Motion to Waive FRP Payments

Sykes next "moves to waive his FRP Payments while in the custody of the BOP." Mot. to Waive FRP at 1. He submits that "he is not being given an opportunity to work while incarcerated," which "caus[es] him to unfairly rely upon his family to meet his obligations under the IFRP." Id. In Sykes's view, "BOP unit staff have consistently refused to help him develop a financial plan, such as obtaining an inmate job that may assist in satisfying his restitution payments." Id. at 2; see also Mot. to Waive Rest. at 2 (requesting as "alternative relief" that the Court waive Sykes's participation in the IFRP).

As the Government correctly argues, this Court has no jurisdiction to consider Sykes's request that the Court relieve him of his obligation to make FRP payments. See Resp. to Mot. to Waive Rest. at 4 (citing United States v. Callan, 96 F. App'x 299, 301 (6th Cir. 2004) (affirming denial of motion to permit incarcerated defendant to be relieved from participating in IFRP, noting "the complete absence of any constitutional, statutory or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons")). Courts confronted with similar requests have found that they lacked jurisdiction. See, e.g., United States v. Allen, No. 14-cr-20191, 2021 WL 2102601, at *2 (E.D. Mich. May 25, 2021) (finding that court "lack[ed] subject matter jurisdiction to direct the BOP to adjust Defendant's payments").

---

culpability" was not abuse of discretion); United States v. Ryan, 874 F.2d 1052, 1055 (5th Cir. 1989) (rejecting argument that restitution order violated defendant's equal protection rights where co-defendants "allegedly [with] equal or greater culpability and equal financial circumstances were not likewise required to make restitution," explaining: "The court has complete discretion to consider the relative degrees of responsibility of co-defendants in imposing restitution obligations.").

5

The Government submits that Sykes should properly address his concerns to the BOP and that regulations governing the IFRP allow for the periodic reassessment of fees, if appropriate. See Resp. to Mot. to Waive Rest. at 4 (citing 28 C.F.R. § 545.11(b)). The Court agrees that Sykes's request for a modification in his FRP payment structure should be directed to the BOP.

As to Sykes's argument that the BOP has refused to help him obtain a work assignment providing pay, the Government submits that it "is no fault of the BOP's" that Sykes "is not an attractive hire." Resp. to Mot. to Waive FRP at 5. The Government notes that Sykes's disciplinary history while incarcerated—which is considered when incarcerated individuals apply for for-pay positions—includes assault of BOP staff, indecent exposure, and refusal of a work assignment. Id. (citing Sykes Disciplinary Data (Dkt. 307-3)). Sykes chose not to file a reply to rebut these assertions, which stand uncontroverted. The Court sees no merit to Sykes's suggestion that it is the BOP's fault that Sykes has not found satisfactory work.

In sum, the Court does not have jurisdiction to consider Sykes's request to waive his obligation to participate in the IFRP, and the factual basis underlying his request lacks merit. The Court denies Sykes's motion to waive his FRP payments.

### III. CONCLUSION

For the reasons explained above, the Court denies Sykes's (i) motion to dismiss restitution (Dkt. 258), (ii) motion to waive restitution (Dkt. 261), and (iii) motion to waive FRP payments (Dkt. 298).

SO ORDERED.

Dated: June 28, 2023    s/Mark A. Goldsmith
 Detroit, Michigan    MARK A. GOLDSMITH
    United States District Judge